# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re: ) Chapter 7
)
MICHAEL R. KOZIOL, ) Case No. 15-29561
)
      Debtor. ) Honorable Deborah L. Thorne
)
) **Hearing Date:** **July 12, 2018**
) **Hearing Time:** **10:00 a.m.**
) **Courtroom:** **613**

## COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP, COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE ESTATE OF MICHAEL R. KOZIOL

| | |
|---|---|
| Name of Applicant: | FrankGecker LLP |
| Authorized to Provide Professional Services to: | Frances F. Gecker, solely as Chapter 7 Trustee of the Estate of Michael R. Koziol |
| Date of Retention | November 8, 2016 retroactive to October 31, 2016 |
| Period for Which Compensation is Sought: | October 31, 2016 through June 1, 2018 |
| Amount of Fees Sought: | $ 16,729.50 |
| Amount of Expense Reimbursement Sought: | $ 580.44 |
| This is a: | First and Final Fee Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein: $0.00

{KOZIOL/ADMIN/00052139.DOCX/}

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MICHAEL R. KOZIOL, | ) | Case No. 15-29561 |
| | ) | |
| Debtor. | ) | Honorable Deborah L. Thorne |
| | ) | |
| | ) | **Hearing Date:   July 12, 2018** |
| | ) | **Hearing Time:   10:00 a.m.** |
| | ) | **Courtroom:       613** |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **July 12, 2018**, at **10:00 a.m.**, we shall appear before the Honorable Deborah L. Thorne, or such other judge as may be sitting in her stead, in Courtroom 613 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the **First and Final Fee Application of FrankGecker LLP, Counsel to Frances Gecker, Chapter 7 Trustee of the Estate of Michael R. Koziol** a copy of which is attached hereto and hereby served upon you.

Dated: June 8, 2018

                                               FRANCES GECKER, solely as Chapter 7
                                               Trustee of the bankruptcy estate of
                                               MICHAEL R. KOZIOL

                                           By:         /s/ *Micah R. Krohn*
                                                              One of her attorneys

Micah R. Krohn (IL ARDC #6217264)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, IL 60654
(312) 276-1400
(312) 276-0035 (fax)
mkrohn@fgllp.com

{KOZIOL/ADMIN/00052139.DOCX/}

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| MICHAEL R. KOZIOL, | ) | Case No. 15-29561 |
| | ) | |
| Debtor | ) | Honorable Deborah L. Thorne |

**FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP,
COUNSEL TO FRANCES GECKER, CHAPTER 7
TRUSTEE OF THE ESTATE OF MICHAEL R. KOZIOL**

FrankGecker LLP ("FG"), counsel to Frances Gecker, solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Michael R. Koziol (the "Debtor"), hereby submits this first and final fee application (the "Application") for compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330 for legal services performed and expenses incurred as counsel to the Trustee during period commencing October 31, 2016 through and including June 1, 2018 (the "Application Period"). In support hereof, FG Respectfully represents as follows:

**INTRODUCTION**

1. On August 28, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code (the "Case"). Frances Gecker is the duly appointed and acting trustee.

2. The Debtor scheduled ownership interests in a number of businesses, including Intelligent Solutions, Inc., Capers LLC, and Intelligent Cloud Hosting LLC (the "Companies") on his Schedule B with a scheduled value of $0.

3. The Debtor testified at his Section 341 meeting of creditors, that the liabilities of those businesses greatly exceeded the value of the corresponding assets.

4. On his Schedule D, the Debtor listed a secured claim in favor of Michael Garbrecht ("Garbrecht") in an unknown amount, secured by a certain Stock Pledge Agreement regarding Debtor's interests in the Companies.

5. On October 16, 2015, the Trustee conducted a meeting of creditors, at which time the Trustee examined the Debtor and adjourned the meeting.

6. On March 21, 2016, the Trustee filed a Report of No Distribution. On August 29, 2016, the Case was closed and the Trustee was discharged.

7. After the closing of the Case, the U.S. Trustee received notification that Wintrust Financial received a check for $37,000 made payable to the Debtor.

8. On October 18, 2016, the U.S. Trustee filed a Motion for Order Reopening Chapter 7 Case and Directing the Appointment of a Chapter 7 Trustee and on October 25, 2016, this Court entered an order reopening the case.

9. On October 31, 2016, Frances Gecker was appointed the Chapter 7 trustee to the Case.

10. On November 8, 2016, this Court entered an order approving the Trustee's employment of FG.

## OBJECTION TO THE GARBRECHT CLAIM

11. On December 15, 2015, Garbrecht filed a proof of claim in the amount of $500,000 (the "Claim"), of which he claimed that $50,000 was secured by a "Stock Pledge Agreement and UCC". The asserted basis of the Claim was breach of fiduciary duty, fraud and embezzlement.

12. Also on December 15, 2015, Garbrecht filed a two-count non-dischargeability complaint against the Debtor, Adversary Proceeding No. 15-899 (the "Adversary"), asserting claims against the Debtor for breach of fiduciary duty.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| MICHAEL R. KOZIOL, | ) | Case No. 15-29561 |
| | ) | |
| Debtor | ) | Honorable Deborah L. Thorne |

**FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP,
COUNSEL TO FRANCES GECKER, CHAPTER 7
TRUSTEE OF THE ESTATE OF MICHAEL R. KOZIOL**

FrankGecker LLP ("FG"), counsel to Frances Gecker, solely as Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Michael R. Koziol (the "Debtor"), hereby submits this first and final fee application (the "Application") for compensation and reimbursement of expenses pursuant to 11 U.S.C. § 330 for legal services performed and expenses incurred as counsel to the Trustee during period commencing October 31, 2016 through and including June 1, 2018 (the "Application Period"). In support hereof, FG Respectfully represents as follows:

## INTRODUCTION

1. On August 28, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code (the "Case"). Frances Gecker is the duly appointed and acting trustee.

2. The Debtor scheduled ownership interests in a number of businesses, including Intelligent Solutions, Inc., Capers LLC, and Intelligent Cloud Hosting LLC (the "Companies") on his Schedule B with a scheduled value of $0.

3. The Debtor testified at his Section 341 meeting of creditors, that the liabilities of those businesses greatly exceeded the value of the corresponding assets.

{KOZIOL/ADMIN/00052139.DOCX/}

4. On his Schedule D, the Debtor listed a secured claim in favor of Michael Garbrecht ("Garbrecht") in an unknown amount, secured by a certain Stock Pledge Agreement regarding Debtor's interests in the Companies.

5. On October 16, 2015, the Trustee conducted a meeting of creditors, at which time the Trustee examined the Debtor and adjourned the meeting.

6. On March 21, 2016, the Trustee filed a Report of No Distribution. On August 29, 2016, the Case was closed and the Trustee was discharged.

7. After the closing of the Case, the U.S. Trustee received notification that Wintrust Financial received a check for $37,000 made payable to the Debtor.

8. On October 18, 2016, the U.S. Trustee filed a Motion for Order Reopening Chapter 7 Case and Directing the Appointment of a Chapter 7 Trustee and on October 25, 2016, this Court entered an order reopening the case.

9. On October 31, 2016, Frances Gecker was appointed the Chapter 7 trustee to the Case.

10. On November 8, 2016, this Court entered an order approving the Trustee's employment of FG.

## OBJECTION TO THE GARBRECHT CLAIM

11. On December 15, 2015, Garbrecht filed a proof of claim in the amount of $500,000 (the "Claim"), of which he claimed that $50,000 was secured by a "Stock Pledge Agreement and UCC". The asserted basis of the Claim was breach of fiduciary duty, fraud and embezzlement.

12. Also on December 15, 2015, Garbrecht filed a two-count non-dischargeability complaint against the Debtor, Adversary Proceeding No. 15-899 (the "Adversary"), asserting claims against the Debtor for breach of fiduciary duty.

{KOZIOL/ADMIN/00052139.DOCX/}                    2

13. On April 6, 2017, this Court entered an order in the Adversary, approving a settlement between the Debtor and Garbrecht, and judgment against the Debtor in the amount of $300,000, which judgment was found non-dischargeable (the "Garbrecht Judgment").

14. The Garbrecht Judgment did not include any secured claim in favor of Garbrecht.

15. On July 27, 2017, FG filed an objection to the Garbrecht claim. This court found that the Garbrecht Claim was unenforceable as a secured claim against property of the estate under any agreement or applicable law.

16. On September 26, 2017, this Court entered an order reducing and allowing the Garbrecht Claim as an unsecured claim and, pursuant to an agreement with the Trustee, Grabrecht waived any and all rights to any distribution of Claim No. 1 in this bankruptcy case.

## SALE OF VEHICLES

17. As part of its investigation into the Debtor's assets, FG learned that the Debtor owned 50% of both Intelligent Solutions, Inc. ("Intelligent Solutions") and ESMA Investment, LLC ("ESMA"). The investigation further determined that Richard Fugett owned the remaining 50% of both Intelligent Solutions and ESMA. Mr. Fugett filed personal bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code, currently pending before Judge Hollis as Case No. 15-41034. Ira Bodenstein (the "Fugett Trustee") is the Chapter 7 trustee in Mr. Fugett's case.

18. The Debtor and Mr. Fugett co-owned a 1950 Mercury Sedan (the "Mercury"), and Intelligent Solutions owned a 1962 Chevy Impala police cruiser (the "Police Cruiser", collectively, the "Automobiles"), and assorted office equipment and furniture ("Office Equipment" and collectively with the Mercury and the Police Cruiser, the "Assets"). The Assets were located in a warehouse previously owned by ESMA (the "Warehouse").

19. Hinsdale Bank & Trust Company ("Hinsdale Bank") completed a foreclosure sale of the Warehouse, and held liens against the Police Cruiser and the Office Equipment pursuant to its mortgage and related loan documents.

20. In an effort to efficiently administer the Assets for the benefit of creditors of the estates of both the Debtor and Mr. Fugett, Hinsdale Bank, the Fugett Trustee and the Trustee reached an agreement (the "Agreement"), whereby the Trustee would sell the Assets and the net proceeds would be divided 50% to Hinsdale Bank, 25% to the Debtor's estate and 25% to the Fugett estate.

21. The net sale proceeds of the Mercury would be split 50/50 between the Debtor's estate and the Fugett estate.

22. On December 21, 2016, the Court entered an order (the "Sale Order") [Dkt. No. 51] authorizing the Trustee to employ Thomas K. Mowery and American Auction Associates, Inc. ("Mowery") as the Trustee's auctioneer and authorized Mowery to sell the Automobiles.

23. Pursuant to the Sale Order, Mowery sold the Automobiles on or about May 20, 2017 (the "Sale").

24. The Sale generated total gross proceeds of $14,500.00 ($8,000 for the Chevy Impala and $6,500 for the Mercury). Mowery incurred expenses of $1,653.52 ($790.18 for the Chevy Impala and $863.34 for the Mercury) in connection with the Sale, resulting in total net available proceeds of $12,846.48.

25. Pursuant to the Sale Order, the net proceeds of the sale were divided as follows:

Mercury Sedan

    Fugett Estate:    $2,818.33
    Koziol Estate:    $2,818.33

Police Cruiser:

{KOZIOL/ADMIN/00052139.DOCX/}      4

        Fugett Estate:      $1,802.45
        Koziol Estate:      $1,802.45
        Hinsdale Bank:     $3,604.90

26.    On March 1, 2018, the Court entered an order (the "Membership Sale") [Dkt. No. 68] authorizing the Trustee to sell the Debtor's 46.666% membership interest in Emergency Vehicle Technologies, LLC ("EVT) to EVT's manager and sole remaining member.

27.    The Membership Sale generated total gross proceeds of $9,939.86.

## I.   SERVICES PERFORMED

**A.   Administration**                                               **$774.00**

Counsel spent 1.80 hours at a cost of $774.00 on general case administration. This category encompasses all general case administration matters, including review of the Debtor's dischargeability complaint against the Debtor and administrative matters with respect to reporting and documenting routine matters.

**B.   Asset Analysis**                                                 **$1,252.50**

Counsel spent 3.60 hours at a cost of $1,252.50 on matters relating to valuation and abandonment of assets that had no value to the estate.

**C.   Claims Review/Claims Objections**                          **$1,860.00**

Counsel spent 4.30 hours at a cost of $1,860.00 on reviewing claims and available assets. Counsel prepared and prosecuted an objection to the Garbrecht claim which was reclassified as a general unsecured claim, thereby allowing administrative expenses and a distribution to creditors.

**D.   Court Appearances/Preparation**                              **$3,507.00**

Counsel spent 8.50 hours at a cost of $3,507.00 preparing for and attending court hearings on the motions to employ counsel, accountant to the Trustee and the auctioneer for sale of Debtor's

Automobiles. Additionally, counsel attended court hearing on the Trustee's objection to the Galbrecht secured claim.

E. **Retention of Professionals/Fee Applications** $2,418.00

Counsel spent 6.40 hours at a cost of $2,418.00 preparing motions to the retain FG, the accountant for the Trustee and an auctioneer for the sale of certain automobiles, including communications with those professionals regarding the tasks to be performed and the terms of their respective employment.

F. **Sale of Assets** $6,918.00

Counsel spent 16.90 hours at a cost of $6,918.00 on matters relating to the sale of the assets of the estate. Time spent included drafting motions to approve the sale of the Automobiles, allocation of the net proceeds of that sale and sale of Debtor's membership interest in EVT. Counsel also communicated with the Fugett Trustee, Hinsdale and Mr. Roake regarding the sale of the Automobiles and membership interest in EVT. This category also includes review of the report of auction prepared by the auctioneer and approval of his expenses and the preparation of a report of sale for the Debtor's membership interest in EVT.

II. **ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

A. Micah R. Krohn (MRK) is senior counsel at FG. Mr. Krohn graduated from the Cardozo School of Law in 1992 after serving as a Lieutenant in the United States Navy. Mr. Krohn served as a law clerk to the Hon. Erwin I. Katz from 1992-1994, and has represented trustees, creditors' committees, debtors and creditors for nearly 25 years.

B. James Nowak (JN) Mr. Nowak was an associate at FrankGecker LLP. Mr. Nowak graduated from The John Marshall Law School where he was the Administrative Editor of The John Marshall Law Review. Mr. Nowak externed for the Honorable Chief Judge Bruce Black for

{KOZIOL/ADMIN/00052139.DOCX/} 6

the Bankruptcy Court for the Northern District of Illinois and for the Office of the United States Trustee. Mr. Nowak worked closely with the senior attorneys at FG on a variety of issues from trustee matters to the representation of secured and unsecured creditors.

C. Michael H. Matlock (MHM) is a bankruptcy paralegal at FrankGecker LLP. A graduate of the University of Oklahoma, Mr. Matlock has over 25 years of experience working in bankruptcy matters in debtor, creditor and trustee cases.

D. Christina S. Smith (CSS) is a paralegal at FG. Ms. Smith assisted counsel with case research and case administration. Ms. Smith has worked as a paralegal specializing in bankruptcy for over fifteen years.

### III. CALCULATION OF TIME AND FEES

This is FG's First and Final Application for compensation and reimbursement of expenses in representing the Trustee in this case. It covers the period from October 31, 2016 to and including June 1, 2018. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services rendered for the benefit of the Trustee and the Debtor's bankruptcy estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibit, the attorneys and paralegals at FG have spent a total of **41.50** hours providing necessary legal services for the Trustee. FG requests compensation in the amount of **$16,729.50** for actual, necessary legal services performed, as itemized in **Exhibit A**. The average hourly rate is **$328.75**. Additionally, counsel has expended the sum of **$580.44** for actual, necessary expenses incurred in representing the Trustee, as itemized in **Exhibit A**.

In preparing this fee application, counsel has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used

{KOZIOL/ADMIN/00052139.DOCX/}           7

came directly from computer printouts which are kept on each client. The hourly rates charged are the regular hourly rates charged by counsel to its clients. Counsel worked to avoid any duplication of efforts between parties, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement. Multiple representation in analogous circumstances has been approved. *See Berberena v. Coler*, 753 F.2d 629 (7th Cir. 1985); *In re Washington Manufacturing Co.*, 101 B.R. 944 (Bankr. M.D. Tenn. 1989); *In re N-Ren Corp.*, 71 B.R. 488 (Bankr. S.D. Ohio 1987).

Counsel does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing or photocopying; instead, such expenses are factored into counsel's normal and customary rate. Counsel does not include charges for long distance telephone, photocopying or computer research in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately. These charges fairly compensate the firm's actual costs and do not result in undue revenue for the firm. Moreover, counsel's non-bankruptcy clients routinely are billed and pay these types of expenses. See *In re Continental Securities Litigation*, 962 F.2d 566, 570 (7th Cir. 1992).

No compensation has been promised to counsel other than as disclosed or approved by this Court. Counsel certifies that there is no agreement between it and any other party regarding the sharing of fees except with counsel's general partners, and counsel has not discussed or negotiated the amount of its fees with any party except its client. Finally, counsel represents that it is and remains a disinterested party and does not hold any adverse relationship with this estate.

WHEREFORE, FrankGecker LLP, respectfully requests that this Court enter an Order:

a. Allowing FrankGecker LLP final compensation for legal services provided to the Trustee in the amount of **$16,729.50**;

b. Allowing FrankGecker LLP final reimbursement of expenses incurred in the amount of **$580.44**;

c. Authorizing the Trustee to pay FrankGecker LLP total compensation in the amount of **$17,309.94**; and

d. Granting such other relief as the Court deems just and equitable.

Dated: June 1, 2018

Respectfully submitted,

FRANKGECKER LLP

By: _____/s/ Micah R. Krohn_____
One of its attorneys

Micah R. Krohn (IL Bar No. 6217264)
FrankGecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Phone: (312) 276-1400
Fax:    (312) 276-0035
mkrohn@fgllp.com